**Affirmed and Majority and Concurring Opinions filed July 16, 2019.**



**In The**

# Fourteenth Court of Appeals

### NO. 14-18-00055-CV

## CHARLES W. COOK, LEVI WATSON, JESSICA WATSON, JOE BLAIR ROWTON, JAMIE LOUIS ROWTON, AND CHARLES TOWNSEND, Appellants

### V.

## RONEN NISSIMOV, NATALIA NISSIMOV, AND BRIAN BLALOCK, Appellees

**On Appeal from the 12th District Court**
**Grimes County, Texas**
**Trial Court Cause No. 33,436**

## MAJORITY OPINION

Appellants Charles W. Cook, Levi Watson, Jessica Watson, Joe Blair Rowton, Jamie Louis Rowton, and Charles Townsend appeal from the trial court's orders denying their motion for summary judgment and granting summary judgment in favor of appellees Ronen Nissimov, Natalia Nissimov, and Brian Blalock. We affirm.

BACKGROUND

This dispute centers on the rights to use a roadway easement through a gated subdivision known as Tierra Buena – North ("the Subdivision"). A rough sketch below shows the Subdivision, the Northern Lots, and the Access Easement.



## I.     The Access Easement

In 2009, appellant Charles Cook and the Bousquet Family Limited Partnership entered into an agreement with Ralph McKnight regarding a 130-acre tract in Grimes County known at the time as "Stagecoach Crossing." [1] This 130-acre tract would later be subdivided and would become the Tierra Buena North Subdivision at the center of this dispute. McKnight owned a non-exclusive right to a 60-foot easement ("Access Easement") that could be used to access the Subdivision. McKnight assigned to Cook, his heirs and assigns, the non-exclusive right to use the easement. The agreement noted that Cook owned an additional 450 acres adjoining and to the north of the Subdivision's 130 acres. With regard to the additional land, the agreement stated that, "In the event that Cook decides to subdivide this 450 acres, or any part thereof, and to use the aforementioned easement for access to said 450 acre tract, Cook agrees to impose the minimum deed restrictions . . . of [the Subdivision]."

## II.     The Subdivision Lots

Cook subdivided the 130 acres and sold the lots in the Subdivision. Blalock and the Nissimovs were two of the buyers. The deeds conveyed:

> Tract EIGHT (8),[2] TIERRA BUENA NORTH, a subdivision in Grimes County, Texas according to the plat thereof recorded in Vol. 1318, page 747, Real Property Records of Grimes County, Texas; together with rights of ingress and egress over and across the roadway easement described in the Agreement dated March 31, 2009, executed by and between Charles W. Cook, Thomas G. Bousquet, The Bousquet Family Limited Partnership, LTD and Ralph McKnight, recorded in Vol. 1300,

---

[1] Cook later bought the Bousquet Family Limited Partnership's interest, leaving Cook as the sole developer of the Subdivision.

[2] The Nissimovs purchased Tract 8. Blalock purchased Tracts 4, 5, and 6. The disputed portions of the deeds are similar with the exception of the purchasers' names and the description of the individual tracts.

page 89, Real Property Records, Grimes County, Texas.

Each deed contained the following "Exceptions to Conveyance and Warranty":

a) Validly existing easements, rights-of-way, and prescriptive rights, whether of record or not;

*****

c) Those building lines and easements reflected on the Plat of TIERRA BUENA NORTH filed in Vol. 1318, Page 747, of the Real Property Records of Grimes County, Texas.

## III.    The Northern Lots

After Cook sold lots to appellees in the Subdivision, he subdivided the 450-acre northern property and sold unplatted lots north of the Subdivision ("Northern Lots"). Cook sold lots to appellants Levi Watson, Jessica Watson, Joe Blair Rowton, Jamie Louis Rowton, and Charles Townsend. When Cook sold those lots he purported to grant access to the lots across the Subdivision using the 60-foot Access Easement.

The sale of the Northern Lots and grant of access across the Access Easement led to the probability that the purchasers of the Northern Lots would be granted access to the private gated subdivision. Cook understood that he could grant access to the easement as long as the deed restrictions on the Northern Lots were the same or similar to those on the Subdivision lots.

## IV.    Procedural History

Grimes County filed suit against Cook alleging violations of portions of the Property Code and the Deceptive Trade Practices Act because Cook was selling the Northern Lots as unplatted lots. Appellees intervened in the County's suit and alleged that Cook was attempting to use a private easement, the Access Easement, through the Subdivision to access the Northern Lots. Appellees argued that the

4

Access Easement was never intended to provide access to property outside of the private, gated subdivision. Appellees sought severance of their action from the suit filed by Grimes County.

The trial court granted the parties' motion to sever appellees' suit from the suit by Grimes County, which resulted in this case. Cook filed an answer alleging that he had reserved a right to use the Access Easement in the Subdivision when he sold the lots to appellees.

Appellants filed a motion for summary judgment in the trial court in which they alleged that Cook retained ownership of the Access Easement when he sold lots to appellees and, as a result of that retention of ownership, Cook retained the right to grant appellants the right to use the Access Easement to access the Northern Lots. Cook attached to his motion for summary judgment an affidavit that states that he "excepted from the conveyance [to Nissimov and Blalock] 'Validly existing easements, rights of way, and prescriptive rights, whether of record or not.'"

After appellants filed their motion for summary judgment, appellees amended their petition to add a claim for fraud in a real estate transaction, and included a statement by Thomas G. Bousquet, general partner of the Bousquet Limited Partnership, which stated, "The Access Easement was never intended to provide access to any property outside of the [Subdivision], but was always intended to be a private, gated easement for the sole use of the owners of lots in [the Subdivision]." In response, appellants supplemented their motion for summary judgment arguing that appellees' fraud claim was barred by the applicable statute of limitations.

Appellees filed a competing motion for summary judgment in which they sought a declaratory judgment that appellants had no right to use the Access Easement through the Subdivision. Appellees argued that Cook could not grant access to the Access Easement running through the Subdivision because Cook had

5

not reserved an interest in the Access Easement when he conveyed the lots to appellees. Appellees further argued that because Cook conveyed the lots with reference to a plat, the Access Easement necessarily became part of the deed by incorporation. The only way Cook could have retained a right to access the easement would have been to reserve that right in the deeds to the lot owners in the Subdivision. Appellees argued that by excepting the Access Easement from the deeds Cook did not reserve the right to grant access to the easement.

The trial court denied appellants' motion for summary judgment and granted appellees' motion for summary judgment. In granting summary judgment, the trial court ruled:

- The Tierra Buena North Subdivision, a subdivision in Grimes County, Texas, according to the map or plat thereof recorded in Volume 1318, Page 747, Real Property Records of Grimes County, Texas (the "Subdivision"), is a private, gated subdivision.

- Ronen Nissimov, Natalia Nissimov (collectively, "Nissimovs"), and Brian Blalock (together with Nissimovs, "Plaintiffs") have the right to utilize the Private Road Easement to access their lots in the Subdivision by virtue of their lots being sold by reference to the plat of the Subdivision (the "Plat"), which is recorded at Volume 1318, Page 747, Real Property Records of Grimes County, Texas.

*****

- Defendant Charles W. Cook ("Cook") has not reserved any right to use the Private Road Easement over the lots owned by Plaintiffs within the Subdivision.

- Cook had and presently has no right to transfer any right to use the Private Road Easement over the lots owned by Plaintiffs within the Subdivision for the purpose of accessing property outside of the Subdivision to any person or entity.

- Cook's purported grants of easements over the Private Road Easement over the lots owned by Plaintiffs within the

6

Subdivision to access property outside of the Subdivision are invalid.

The trial court granted appellants' motion for summary judgment on appellees' fraud claim, ruling that appellees' claim for fraud in a real estate transaction was barred by the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.004 (statute of limitations for fraud is four years). The trial court subsequently signed a final judgment awarding attorneys' fees to appellees. This appeal followed.

## SUMMARY-JUDGMENT STANDARD OF REVIEW

An appellate court applies de novo review to the grant of a traditional motion for summary judgment, using the same standard that the trial court used in the first instance. *Duerr v. Brown*, 262 S.W.3d 63, 68 (Tex. App.—Houston [14th Dist.] 2008, no pet.) (citing *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005)). The trial court resolved this case on the parties' cross-motions for summary judgment. "When we review cross-motions for summary judgment, we consider both motions and render the judgment that the trial court should have rendered." *Coastal Liquids Transp., L.P. v. Harris Cty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001). Each party bears the burden of establishing that it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

## ANALYSIS

In three issues appellants argue the trial court should have granted their motion for summary judgment and denied appellees' motion. Specifically, appellants raise the question of whether the exception clauses in the deeds used to convey Tracts 4, 5, and 6 to Blalock, and Tract 8 to the Nissimovs retained the Access Easement running through the 130 acres to Cook. No party complains of the trial court's order granting appellants' motion for summary judgment on the claim for fraud in a real

7

estate transaction.

An easement is a non-possessory interest in another's property that authorizes the holder to use that property for a particular purpose. *Marcus Cable Assocs., L.P. v. Krohn*, 90 S.W.3d 697, 700 (Tex. 2002). An easement does not convey the property itself. *Seber v. Union Pac. R. Co.*, 350 S.W.3d 640, 646–47 (Tex. App.— Houston [14th Dist.] 2011, no pet.). For an easement appurtenant to exist either by implication or in writing, there must be (1) a dominant estate, to which the easement is attached; and (2) a servient estate, which is subject to the use of the dominant estate to the extent of the easement granted or reserved. *Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 207 (Tex. 1962).

In determining whether an easement has been granted expressly, we look to the same rules of construction applicable to deeds. *Seber*, 350 S.W.3d at 646–47. An easement appurtenant benefits the property to which it is attached; it cannot be separated from the owner's rights in the land, and it passes with the property. *See Drye*, 364 S.W.2d at 203. Although an easement appurtenant passes by a deed's use of the word "appurtenant," it is usually held that such an easement passes even without such an express reference in the deed. *See Holmstrom v. Lee*, 26 S.W.3d 526, 531 (Tex. App.—Austin 2000, no pet.).

A warranty deed will pass all of the estate owned by the grantor at the time of the conveyance unless there are reservations or exceptions that reduce the estate conveyed. *Day & Co., Inc. v. Texland Petroleum, Inc.*, 786 S.W.2d 667, 668 (Tex. 1990). An easement created by reference to a plat is an appurtenance which cannot be separated from the owner's rights in the land and passes with the property. *Drye*, 364 S.W.2d at 203. An owner who wishes to reserve a right or easement from conveying with the property must make such reservation by clear language. *Holmstrom*, 26 S.W.3d at 531. Although an "exception" can refer to any "mere

8

exclusion from the grant," a "reservation" must "always be in favor of and for the benefit of the grantor." *Perryman v. Spartan Texas Six Capital Partners, Ltd.*, 546 S.W.3d 110, 119 (Tex. 2018) (quoting *Pich v. Lankford*, 302 S.W.2d 645, 650 (Tex. 1957)).

The words "exception" and "reservation," though at times used interchangeably, each has its own separate meaning. *Klein v. Humble Oil & Refining Co.*, 67 S.W.2d 911, 915 (Tex. Civ. App.—Beaumont 1934), *aff'd*, 86 S.W.2d 1077 (Tex. 1935). A reservation is the creation of a new right in favor of the grantor. *Patrick v. Barrett*, 734 S.W.2d 646, 647 (Tex. 1987). An owner who wishes to reserve a right or easement from conveying with the conveyed property must make the reservation by clear language. *Holmstrom*, 26 S.W.3d at 531. An exception, by contrast, operates to exclude some interest from the grant. *Wenske v. Ealy*, 521 S.W.3d 791, 806 (Tex. 2017).

The issue raised by appellants is whether the "exception" in the deeds to appellees acted to reserve the right to grant access to the Access Easement. Appellants argue that by excepting validly existing easements in the deeds to appellees Cook reserved the right to convey use of the Access Easement to others. Appellees argue that to reserve the right to convey use of the easement to others Cook was required to expressly reserve that right in the deeds.

Recognizing that "separate ownership of long narrow strips of land, distinct from the land adjoining on each side, is a fruitful source of litigation and disputes," the Supreme Court of Texas developed a rule with respect to the legal construction of conveyances like Cook's to appellees: "[I]t is presumed that a grantor has no intention of reserving a fee in a narrow strip of land adjoining the land conveyed when it ceases to be of use to him, unless such fee is clearly reserved." *Cantley v. Gulf Prod. Co.*, 143 S.W.2d 912, 915 (Tex. 1940) (presuming that language

9

"keeping" thirty-foot-wide road easement did not reserve title to strip of land underlying easement in absence of evidence of clear intention to do so). In other words, "[w]hen an instrument conveys land definitely described in the instrument and then excepts from the conveyance a road, railroad right-of-way or canal right-of-way occupying an easement on, over or across the land conveyed, the instrument conveys the fee to the entire tract, subject to such right-of-way, unless the deed clearly indicates that the grantor intended to reserve the strip." *Moore v. Rotello*, 719 S.W.2d 372, 375–76 (Tex. App.—Houston [14th Dist.] 1986, writ ref'd n.r.e.) (concluding that "save and except" language in deed was not express reservation of interest in property, it had no other effect than to say that grant was burdened with railroad right-of-way, and deed conveyed fee title to entire tract of land).

There is no disagreement that the right-of-way at issue here is a 60-foot-wide strip of land that adjoins the Subdivision lots that were conveyed in the deeds to appellees. Appellants believe the "exception" language was sufficient to indicate Cook's intention to reserve an interest in the Access Easement. We disagree. In the absence of an express reservation of the Access Easement in the deeds to appellees, we apply the *Cantley* presumption and determine that the deeds are reasonably susceptible to only one construction–i.e., the construction that the express right to grant access to the easement was not reserved by Cook. *See Boulanger ex rel. Westlum Tr. v. Waste Mgmt. of Texas, Inc.*, 403 S.W.3d 1, 7 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). We therefore conclude that the deeds unambiguously conveyed title to all of the land described therein, including use of the Access Easement.

Appellants rely on *Haines v. McLean*, 276 S.W.2d 777, 782 (Tex. 1955) to support their argument that the exclusive rights to the Access Easement were excluded from Cook's grant of title to the lots and, therefore, did not pass to the

10

grantees. Our holding is not inconsistent with the supreme court's decision in *Haines*, in which the court held:

> An instrument of conveyance which conveys land definitely described in such instrument, and then excepts from such conveyance a road, railroad right of way, canal right of way, etc., as such, occupying a mere easement on, over, or across the land conveyed, conveys the fee to the entire tract, and the exception only operates to render the conveyance or grant subject to the easement.

*Haines*, 276 S.W.2d 777, 782 (quoting *Lewis v. East Texas Finance Co.*, 146 S.W.2d 977, 980 (Tex. 1941)).

Our holding is consistent with cases interpreting the effect of a deed that excepts from a conveyance a right of way, road, or easement. *See Haines*, 276 S.W.2d at 782; *Lewis*, 146 S.W.2d at 980; *Moore*, 719 S.W.2d at 375–76; *Teri Rd. Partners, Ltd. v. 4800 Freidrich Lane L.L.C.*, No. 03-13-00221-CV, 2014 WL 2568488, at *6 (Tex. App.—Austin June 4, 2014, pet. denied) (mem. op.) ("An exception that merely refers to an encroachment on the property, as opposed to specifically reserving the conveyance of title to the property underlying the encroachment, does no more than say that the property conveyed is burdened by the encroachment.").

For the foregoing reasons, we conclude the conveyance from Cook to appellees included the Access Easement and did not reserve a right in Cook to grant access to the easement to others. Therefore, the trial court did not err in granting appellees' summary judgment and denying appellants' cross-motion for summary judgment.

## CONCLUSION

We overrule appellants' issues and affirm the trial court's judgment.


/s/     Margaret "Meg" Poissant
          Justice


Panel consists of Chief Justice Frost and Justices Bourliot and Poissant (C.J. Frost concurring).